UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

WILLIAM GRIMM and JEFF SEIPEL, as
Trustees of the Minnesota Laborers Health and
Welfare Fund and Minnesota Laborers Pension
Fund; JAMES BRADY and KEITH KRAMER,
as Trustees of the Minnesota Laborers Vacation
Fund; FRED CHASE and JEFF SEIPEL, as
Trustees of the Construction Laborers'
Education, Training, and Apprenticeship Fund
of Minnesota and North Dakota; and RONALD
THORNBURG and CINDY ECKLUND, as
Trustees of the Minnesota Laborers Employers
Cooperation and Education Trust; and each of
their successors,

            Plaintiffs,                          Civil File No. 05-2914 RHK/JSM

**FINDINGS OF FACT,**
vs.                                            **CONCLUSIONS OF LAW, AND ORDER**
**FOR DEFAULT MONEY JUDGMENT**

MEADOWVALE CONSTRUCTION, INC.,

            Defendant.

_____

This matter was heard before the undersigned on the 16th day of March, 2006. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on December 15, 2005. The service of the Summons and Complaint was accomplished on Defendant on December 20, 2005.

2. Defendant has failed to file and serve a response or Answer to the Complaint.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter alia*, pension, health and welfare vacation benefits and training to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, Minnesota 55120, as the administrative agent designated by the Trustees.

4. At all times herein, Defendant was bound by a certain Collective Bargaining Agreement between the Highway, Railroad, and Heavy Construction Contractors, and the Laborers' District Council of Minnesota and North Dakota and its affiliated Unions.

5. The Collective Bargaining Agreement requires employers, such as Defendant, to make contributions on behalf of the bargaining unit employee in the

amounts set forth and agreed upon therein.  The employer is required to contribute every month, not later than the 15th day of the following month, such sums for Pension, Health and Welfare, Vacation, Training/Apprenticeship and LECET as is designated in the wage schedule of the agreement for each hour worked by all employees covered by the agreement to the Funds' designated administrator.

6. Defendant submitted the fringe fund reports, but failed to pay fringe benefit contributions for the months of August, September, October, and November 2005.  Per those reports, $12,523.97 is due for fringe benefit contributions.

7. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.  The amount due for liquidated damages for the months of August, September, October, and November 2005 is $1,252.40.

8. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.  The attorney fees and costs reasonably incurred by the Plaintiffs in the prosecution of their claims total $1,487.01.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to a Default Money Judgment.

2. Defendant owes the Funds $12,523.97 for fringe benefit contributions and $1,252.40 for liquidated damages for the months of August through November 2005.

3. Defendant owes $1,487.01 for attorney fees and costs.

## **ORDER**

**IT IS ORDERED**:

1. Default be Entered by the Clerk against Defendant;

2. Plaintiffs' Motion for Default Money Judgment is granted; and

3. Judgment in the amount of $15,263.38 shall be entered against Defendant in favor of Plaintiffs.

Dated: March 16, 2006                s/Richard H. Kyle
                                     RICHARD H. KYLE
                                     United States District Judge

4